## UNION TERMINAL CO. v. PICKETT.

### No. 9612.

Circuit Court of Appeals, Fifth Circuit.

March 4, 1941.

Rehearing Denied April 2, 1941.

Writ of Certiorari Denied June 2, 1941.

See 61 S.Ct. 1115, 85 L.Ed. ——.

HOLMES, Circuit Judge, dissenting.

Robert G. Payne, John C. Robertson, and Neth L. Leachman, all of Dallas, Tex., for appellant.

Chas. M. Hay, S. D. Flanagan, and Edwin D. Franey, all of St. Louis, Mo., for appellee.

Leon M. Despres, of Chicago, Ill., Julian Hartridge, of Jacksonville, Fla., Irving J. Levy, Asst. Sol. in Charge of Litigation, Dept. of Labor, of Washington, D.C., and John E. Skilling, Atty., Dept. of Labor, of Washington, D.C., for amicus curiae.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

■ This case is similar to Williams v. Jacksonville Terminal Company, 5 Cir., 118 F.2d 324, this day decided, except that on a trial without a jury the district court reached an opposite conclusion and rendered a large judgment for wages and damages against Union Terminal Company. The facts are about the same and need not be restated. The applicable law is the same and requires a like decision. It does not appear that any of the monies collected and retained by the red caps were personal gifts and not compensation for the service which the Terminal Company hired them to perform; so that no contract was necessary to make them the money of the Company. The proceeds of the very thing the employee is hired to do belong as a matter of law to the employer, even though it be so personal a thing as the brain child of an inventor. Standard Parts Co. v. Peck, 264 U.S. 52, 44 S.Ct. 239, 68 L.Ed. 560, 32 A.L.R. 1033. Though the red caps did not agree to the plan stated in the notice to them, they did continue at work and collected money for their services and accounted for it as required. The law had intervened to make the Company owe them a stated wage for those services, and in consequence to deprive them of the tips which previously were their compensation.

■ The argument that the former arrangement, though not a formal collective agreement, ought to be held unchangeable by the employer alone, cannot be sustained; both because there was no collective agreement that the tips should belong to the red caps, and because a collective agreement would not avail against changes wrought by a statute.

■ Nor do we think it lies in the red cap's mouth to say that the whole idea of letting the passenger fix the amount of compensation for porter service is repugnant to the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq., as discriminating

in favor of the passenger who pays less and against one who pays more. But if they can urge it, and if this is a transportation service requiring uniformity of charge, and if a court rather than the Interstate Commerce Commission may deal with it, the wrong would not be righted by giving the red cap this money and double wages besides.

Nothing specially urged in this case differentiates it from that of the Jacksonville Terminal Company. The judgment is reversed and the cause remanded for further consistent proceedings.

HOLMES, Circuit Judge (dissenting).

I think the burden of proving that tips were not gifts or gratuities is wrongly placed upon the appellees in the majority opinion. In the absence of such proof, the word should be given its usual and ordinary meaning.

I dissent for the above and the further reasons stated by me in the case of Williams, Individually, etc., et al. v. Jacksonville Terminal Company, No. 9754, 5 Cir., 118 F.2d 324 this day decided.